UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DEAN RICHARD NYLUND, | Civil No. 08-2669 (JMR/AJB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA, | |
| Respondent. | |

Petitioner, a state prisoner, commenced this action by filing a pleading that has been construed to be a habeas corpus petition. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

Petitioner's initial pleading was filed on June 20, 2008. The Clerk of Court reasonably determined that the pleading was intended to be a habeas corpus petition, because it was accompanied by a $5.00 filing fee, (which is the proper fee only for habeas corpus cases). It was readily apparent to the Court, however, that Petitioner was not actually challenging the fact or duration of his confinement, but rather, he was challenging the conditions of his confinement. Because habeas corpus is not an appropriate remedy for a prisoner's "conditions of confinement" claims, Petitioner's pleading was summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. (See Order dated June 25, 2008; [Docket No. 2].)

Petitioner was granted leave to file an amended pleading, to be prepared and submitted as a non-habeas civil rights complaint. He was also directed to either (a) pay the filing fee for a non-habeas civil action, or (b) apply for leave to proceed in forma pauperis,

("IFP"), and pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). The Court's order expressly advised Petitioner that if he did not file an amended pleading, and pay his filing fee, (or satisfy the requirements for proceeding IFP), by July 18, 2008, he would be deemed to have abandoned this action, and it would be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

The deadline for complying with the Court's prior order in this matter has now expired, and Petitioner has not filed a civil complaint, nor has he taken any action to resolve the filing fee requirement. Indeed, Petitioner has not communicated with the Court at all since he filed his initial pleading. Therefore, it is now recommended, in accordance with the Court's prior order in this matter, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See <u>Henderson v. Renaissance Grand Hotel</u>, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); <u>Link v. Wabash Railroad Co</u>., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: July 31, 2008                                s/ Arthur J. Boylan
                                                    ARTHUR J. BOYLAN
                                                    United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation

2

by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before August 14, 2008.